NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 5 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YESENIA YANIRA LOVO DE QUINTANILLA, AKA Yesenia Yanira Lovo Benavidez; et al., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No.   17-72038 <br><br> Agency Nos.   A208-762-025 <br> A208-762-024 <br> A208-762-026 <br> A208-762-027 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 3, 2025[**]
Portland, Oregon

Before:  M. SMITH, NGUYEN, and H.A. THOMAS, Circuit Judges.

Petitioners Yesenia Yanira Lovo de Quintanilla and her three children,

Gabriel Isai Quintanilla Lovo, Jose Obed Quintanilla Lovo, and Bessi Damaris

Quintanilla Lovo are natives and citizens of El Salvador. They petition for review

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

of a decision of the Board of Immigration Appeals ("BIA") affirming an order of an Immigration Judge ("IJ") (collectively, "the Agency") denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

"When the BIA reviews the IJ's decision de novo, 'our review is limited to the BIA's decision except to the extent that the IJ's opinion is expressly adopted.'" *Park v. Garland*, 72 F.4th 965, 974 (9th Cir. 2023) (quoting *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021)). "We review purely legal questions de novo, and the agency's factual findings for substantial evidence." *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022). Under this "highly deferential" standard, the Agency's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Salguero Sosa v. Garland*, 55 F.4th 1213, 1217–18 (9th Cir. 2022) (quoting *Nasrallah v. Barr*, 590 U.S. 573, 583–84 (2020)); *see also* 8 U.S.C. § 1252(b)(4)(B).

1. Substantial evidence supports the Agency's determination that Petitioners did not establish eligibility for asylum or withholding of removal because they did not show that the government of El Salvador was "unable or unwilling" to protect them from the alleged persecution they suffered at the hands of Lovo de Quintanilla's brother, Omar. *Navas v. INS*, 217 F.3d 646, 655–56 (9th Cir. 2000)

(asylum standard); *Reyes-Reyes v. Ashcroft*, 384 F.3d 782, 788 (9th Cir. 2004) (withholding of removal standard). The record reflects that law enforcement authorities sought to aid Lovo de Quintanilla's family multiple times regarding Omar's abusive behavior, that they responded when they were notified of continuing issues with Omar's behavior, and that Omar was jailed on several occasions. Omar's repeated abuse despite these interventions does not compel the conclusion that the authorities were unable or unwilling to protect the family.[1] *See Truong v. Holder*, 613 F.3d 938, 941 (9th Cir. 2010) (finding the Government of Italy was not "unwilling to stop" harassment because the police, although ultimately unsuccessful in finding the perpetrators, "dutifully made reports after each incident and indicated that they would investigate"); *cf. Singh v. INS*, 94 F.3d 1353, 1360 (9th Cir. 1996) (finding the Government of Fiji "could not or would not control" persecutors where the victim identified the perpetrators and "the police failed to respond to any of [the victim's] crime reports").

2. Substantial evidence supports the BIA's conclusion that Lovo de Quintanilla failed to show a nexus between her family group and the threats she faced from alleged gang members. Lovo de Quintanilla fears that, if she returns to

---

[1] Because the Agency's conclusion regarding this matter was dispositive of Lovo de Quintanilla's asylum and withholding claims, the Agency was not required to address her other arguments. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

El Salvador, the individuals who beat and threatened her son Gabriel will harm her. But the record does not compel the conclusion that the attack on Gabriel—and the subsequent threats against Lovo de Quintanilla—were motivated by their family relation, rather than by a motivation to recruit gang members and extort members of the community. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019 (9th Cir. 2023) ("Where the record indicates that the persecutor's actual motivation for threatening a person is to extort money from a third person, the record does not compel finding that the persecutor threatened the target because of a protected characteristic such as family relation.").

3. To the extent Petitioners maintain their CAT claim on appeal, the claim is forfeited. *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

**PETITION DENIED.**